[Civ. No. 19389.   Second Dist., Div. One.   Mar. 24, 1953.]

DOROTHY I. WOLFF, Appellant, v. WILLIAM
HOWARD DOOLAN, Respondent.

Will H. Winston for Appellant.

Albert D. White for Respondent.

DORAN, J.—This is an appeal by plaintiff from the judgment and also from an order denying plaintiff's motion for a new trial.

As stated in plaintiff's opening brief,

"This is an action for child support under Civil Code Section 196a, and attorney's fees and Court costs, the plaintiff claiming that the defendant is the father of a minor child born to the plaintiff, and requesting that the defendant be ordered to pay plaintiff the sum of $50.00 per month for the support of the minor child." At the trial, plaintiff's attorney took the position as stated, viz., "I think there is only one question involved that we haven't agreed on, and that is whether or not there is the likelihood of the former husband being the father of the child, and I think that is the only question."

It is contended on appeal that the evidence is insufficient to support the judgment; that the court erred in denying plaintiff's motion for a new trial and, "That the court erred in making its conclusion of law" that said minor child, Robert H. Wolff, is the child of plaintiff Dorothy I. Wolff, and the said Roy Wolff."

With regard to appellant's last mentioned contention it should be noted that the conclusions of law recited "that the defendant, William Howard Doolan, is not the father of said minor child, Robert H. Wolff." The further conclusion "that said minor child, Robert H. Wolff, is the child of plaintiff, Dorothy I. Wolff, and said Roy Wolff," is mere surplusage, and in no way affects the position of appellant in the within action. Incidentally, Roy Wolff is not a party to the action.

The record reveals, as recited in the court's findings that the child was born May 17, 1945; "That said ROY WOLFF and DOROTHY I. WOLFF were married January 31, 1931, that a complaint for divorce was filed by the said ROY WOLFF against DOROTHY I. WOLFF on March 9, 1945, in the Superior Court of the State of California, in and for the County of Los Angeles; that an Interlocutory Decree of Divorce was rendered to said ROY WOLFF against the said DOROTHY I. WOLFF on April 11, 1945, and that the said marriage was dissolved by a Final Decree of Divorce on April 19, 1946; that said complaint for divorce was filed two (2) months and nine (9) days before date of birth of said child; that said Interlocutory Decree of Divorce was rendered one (1) month and eight (8) days before the birth of said minor child; that said Final Decree of Divorce was rendered eleven (11) months after birth of said child."

With regard to appellant's contention that the evidence is insufficient it is argued, as recited in appellant's brief, that "At the very outset the appellant feels that the Honorable Trial Court has an expressed misconception and

misinterpretation of the law pertaining to this type of a case, and in support of that appellant cites the Court to page 23 of the Reporter's Transcript, wherein the Court stated that he wanted some points on the issue or question of 'whether or not the evidence is sufficient to override the presumption that the husband of Dorothy Wolff is the father of the child. I would like to have some authorities on that. I was reversed on a case somewhat similar to this. As I recall it, they even went so far as to prove that the blood was the same and that he was the father of the child. I found that he was and was reversed by the Appellate Court because the Court said that it was, as I recall it, an undisputable presumption that the husband was the father; so I would like some authority on that.'

"So it is immediately apparent that the Court was under the impression that there is in the State of California 'an undisputable presumption that the husband was the father'; and that presumption the plaintiff was not able to overcome because the Court held that it was indisputable. It is not the law in the State of California that there is an indisputable presumption that the husband is the father."

The trial judge may have been under such impression at the time said remarks were made but it may be assumed that after the briefs were submitted on the question the judge's impression was corrected.

The record reveals that the evidence was sufficient. ██ It is of course well settled that questions of fact are for the trial judge to determine. Conflicts in evidence are common and decision in such circumstances is exclusively with the trial judge.

The order denying the motion for a new trial is not an appealable order, and is, therefore, dismissed.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied April 9, 1953, and appellant's petition for a hearing by the Supreme Court was denied May 21, 1953.